## Commonwealth v. Russell

*Louis A. Bloom*, for Commonwealth; *Paul R. Lessey*, for defendant.

MACDADE, J., October 11, 1932.—This is a petition for parole of a woman prisoner. She was sentenced to our county prison upon a plea of guilty to burglary, breaking and entering, etc. She received a mild sentence compared with those of her husband and others for some one hundred burglaries in Delaware and Chester counties. The sentence was 1 to 3 years. It was imposed 4 months since.

The district attorney of this county was directed at the hearing upon this petition to notify the district attorney of Chester County if he desired to lodge a detainer against her for depredations in the latter county. We have not been advised of the result of this instruction and shall not act finally in this matter until we have definite information upon this subject.

However, the principal reason assigned for paroling her and the motivation for these proceedings is her pregnancy. She was pregnant at the time sentence was passed upon her, as verified by the prison physician in a certificate filed of record.

While we sincerely regret her unfortunate plight, yet the statutes have provided for humane treatment of such cases.

See the Act of May 31, 1919, P. L. 356, sec. 1, which provides:

"Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, under sentence of a court of record, and it is shown to the court by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such jail, workhouse, reformatory, or reform or industrial school, the court shall have power to modify its sentence, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the jail, workhouse, reformatory, or reform or industrial school from which he or she was removed."

Further legislation upon the subject may be found in the Act of May 8, 1913, P. L. 166, which provides also:

"From and after the passage of this act, it shall be lawful for the warden or superintendent, or other person in charge of any penitentiary, jail, reformatory, workhouse, or other penal institution within the Commonwealth, upon the application of any female prisoner or inmate about to become a mother, endorsed by the physician of such institution, to lodge such prisoner or inmate, in his discretion, and upon such terms and conditions and for such length of time as he shall see fit, outside such penitentiary, et cetera, at the time at which such prisoner or inmate may become a mother, and to make any expenditures which may seem to him proper for her care and that of her child, and to guard against her escape.

"The expense so incurred shall be collectible as are the expenses of said female prisoner or inmate within such penitentiary, et cetera, under existing laws."

Under the above circumstances we are compelled at this time to refuse the application.

And now, October 11, 1932, upon hearing of the above application for parole of Ida Russell, the aforesaid, after due consideration by the court, the prayer of the petitioner be and it is hereby refused without prejudice.

From William R. Toal, Media, Pa.